NO. 07-03-0529-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 21, 2004

_____

DOUBLE ACE, INC., MATTHEW POPE, AND ALYSSA POPE, APPELLANTS

V.

BENNIE DALE POPE AND MICHAEL DEARDORFF, APPELLEES

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-12-19019; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Double Ace, Inc., Matthew Pope, and Alyssa Womack, hereafter Double Ace, and Donna Pope, appearing *pro se*, present this accelerated appeal from an amended order granting a temporary injunction signed on November 25, 2003. By five issues, Double Ace and Donna question whether (1) the temporary injunction orders are void for failing to set

a hearing date as required by Rule 683 of the Texas Rules of Civil Procedure; (2) the petition for temporary injunction was denied upon entry of the final judgment denying all relief not expressly granted therein; (3) the trial court abused its discretion in granting a temporary injunction against Donna without service of the petition; (4) service of the petition and order setting a hearing on Donna was fatally defective; and (5) the trial court abused its discretion in granting a temporary injunction against Double Ace. We affirm.

Following a jury trial, on November 3, 2003, the trial court signed its judgment which, among other things, rendered that Bennie Pope recover judgment against Double Ace and Donna, jointly and severally, in the amount of $160,000 and that Michael Deardorff recover judgment against Double Ace and Donna, jointly and severally, in the amount of $11,000.[1] Thereafter, on November 25, 2003, the trial court signed an amended order granting a temporary injunction;[2] the order, however, did not set a hearing date. On December 22, Bennie filed a motion to modify the amended order to include a hearing date. A modified order setting a hearing for January 30, 2004, was signed by the trial court. Represented

---

[1]The appeal of the merits is pending in Cause No. 07-04-00429-CV.

[2]As material here, the order enjoined Double Ace and Donna from the withdrawal or transfer of the funds of Double Ace, Inc. except for essential farming expenses, *etc.*, the sale or encumbering any of the assets of Double Ace, Inc., and other actions more fully set out in the order.

by counsel, Double Ace, filed a notice of accelerated appeal challenging the amended order of November 25. Donna did not file a notice of appeal.[3]

Double Ace's appellate counsel and Donna, acting *pro se*, filed a joint brief on December 18, 2003. Before we commence our analysis of the issues, we first address Donna's status as a party to this appeal.

## Donna Pope

Although the filing of a notice by any party invokes the jurisdiction of this Court over all parties, because Donna seeks to modify or alter the trial court's order she was required to perfect her appeal by filing a notice of accelerated appeal either individually or jointly with Double Ace if their interests were aligned. *See* Tex. R. App. P. Rule 25.1(b) and (c). Donna did not file a notice of any kind and the notice filed herein is not designated as a joint notice. Accordingly, issues three and four, which pertain only to Donna, are not before us.

## Double Ace

By the issues that remain, Double Ace contends (1) the temporary injunction orders are void for failing to set a hearing date as required by Rule 683 of the Texas Rules of Civil

---

[3]After receiving notice that Double Ace, Inc. had filed a chapter 12 bankruptcy proceeding, we abated this appeal pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure. Upon receiving notice that the automatic stay had been lifted, the appeal was reinstated per Rule 8.3.

Procedure; (2) the petition for temporary injunction was denied upon entry of the final judgment denying all relief not expressly granted therein; and (5) the trial court abused its discretion in granting a temporary injunction against Double Ace.

Double Ace contends the November 25 order is void because it did not set a hearing date as required by Rule 683 of the Texas Rules of Civil Procedure. We disagree. By the last two paragraphs of the order, the trial court provided:

> The Court finds that this temporary injunction is necessary because the Counter-Defendants, Double Ace, Inc., Alyssa Pope Womack, Matthew Pope, and Donna Pope have engaged in a course of action involving the withdrawal of excessive funds from Double Ace, Inc. which were beneficial to the individuals and detrimental to Double Ace, Inc. and further, the individual Counter-Defendants have engaged in mismanagement which has resulted in jeopardy to the financial condition of Double Ace, Inc. and in reasonable probability, if such conduct is not enjoined will render the corporation insolvent.

> This temporary injunction is issued ancillary to the Court's power to protect its jurisdiction over the subject matter of this suit and its power to enforce its judgments as a part of post-trial proceedings and this order shall continue in effect so long as this Court retains plenary power over this proceeding, or enforcement proceedings issued, pursuant to any judgment entered in this proceeding.

As judgment creditors, Bennie and Deardorff were entitled through injunction or other means to obtain satisfaction on the judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2004-05). The typical requirements for an injunction are not applicable to an injunction granted pursuant to section 31.002. Roosth v. Roosth, 889

4

S.W.2d 445, 460 (Tex.App.--Houston [14th Dist.] 1994, writ denied). Thus, Rule 683 of the Texas Rules of Civil Procedure is not controlling. Issue one is overruled.

By its second issue, Double Ace contends the petition for temporary injunction was denied upon entry of the final judgment denying all relief not expressly granted. We disagree. Although the final judgment was signed on November 3, 2003, the challenged order was not signed until November 25. In adopting the turnover statute, the Legislature intended to facilitate the collection of assets by a judgment creditor from a judgment debtor. Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex.App.--Houston [14th Dist.] 1992 , no writ). Section 31.002(d) of the Code expressly authorizes an injunction or other relief in the same proceeding in which judgment is rendered or in an independent proceeding. Issue two is overruled.

By its fifth issue, Double Ace contends the trial court abused its discretion in granting a temporary injunction against it. We disagree. As above noted, the turnover statute facilitates collection of assets by a judgment creditor from a judgment debtor. *Millard*, 825 S.W.2d at 783. Although the granting of turnover relief is reviewed for abuse of discretion, the trial court's decision to grant injunctive relief to Bennie and Deardorff without a hearing or presentation of evidence was not unreasonable or arbitrary and thus was not an abuse of discretion. The trial court had previously heard evidence at the trial on the merits. *See* Sivley v. Sivley, 972 S.W.2d 850, 862 (Tex.App.--Tyler 1998, no writ). Issue five is overruled.

Accordingly, the trial court's order granting a temporary injunction is affirmed.


Don H. Reavis
Justice